IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALTER COLLINS, Inmate #N80705, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 06-396-GPM |
| | ) |
| MELISSA D. PRATER and | ) |
| KELLY RHODES, | ) |
| | ) |
| Defendants. | ) |

# **MEMORANDUM AND ORDER**

**MURPHY, Chief District Judge:**

Currently before the Court are Plaintiff's Motion to Dismiss a Party (Doc. 6), Motion for Harassment (Doc. 7), Motion to Appoint Counsel (Doc. 8), Motion to Dismiss (Doc. 9), Motion to Reinstate (Doc. 10), and Motion for Temporary Restraining Order (Doc. 11).

### MOTIONS TO DISMISS, FOR HARASSMENT, AND TO REINSTATE

In the Motion to Dismiss a Party (Doc. 6), Plaintiff asks that one of the Defendants--presumably Kelly Rhodes, although it is not clear--be dismissed from the action. In the Motion for Harassment (Doc. 7), Plaintiff attempts to add additional factual allegations about the conduct of Defendant Prater. In the Motion to Dismiss (Doc. 9), Plaintiff seeks to "dismiss my law suit complaint on Melissa D. Prater and my harassment order I had put on her." Fifteen days later, Plaintiff filed a motion to reinstate (Doc. 10) in which he states he is "picking back up my law suit on Melissa D. Prater and Lieutenant A. Ramsey, and a motion for harassment for play with my United States mail." The Court construes each of these motions as motions to amend the complaint:

to add and drop certain claims and defendants, and to add an additional defendant in the action.

> Federal Rule of Civil Procedure 15(a) dictates that leave to amend a pleading "shall be given whenever justice so requires," *see Sanders v. Venture Stores, Inc.*, 56 F.3d 771, 773 (7th Cir. 1995); and, indeed, the rule expressly grants a plaintiff one opportunity to amend her complaint as a matter of course before a responsive pleading is served.

*Camp v. Gregory*, 67 F.3d 1286, 1289 (7th Cir. 1995). Under the local rule,

> [t]he original of a proposed amendment to a pleading or amended pleading itself should accompany the motion to amend so that it may be filed *instanter* if the motion is granted. All new material shall be underlined. It is sufficient to simply underline the names of new parties the first place they appear in amended pleadings. Similarly, when new claims or defenses are raised by amendment, it is sufficient that the number of the designated count or paragraphs identifying the amendments be underlined.

SDIL-LR 15.1; *see* FED. R. CIV. P. 15. Although Plaintiff may amend his complaint, he must do so in compliance with the local rules. Plaintiff's motions do not. Accordingly, these motions (Docs. 6, 7, 9, and 10) are **DENIED**.

If Plaintiff wishes to amend his complaint to add new claims or new defendants, he must file a motion for leave to amend and include with that motion an amended complaint that contains ***all claims against all defendants***. Plaintiff is **ADVISED** that, even though pro se complaints are liberally construed by the Court, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Federal Rule of Civil Procedure 8 requires that a plaintiff plead enough facts to put defendants on notice of the claims against them so that defendants can properly answer the complaint. *Hoskins v. Poelstra*, 320 F.3d 761, 764 (7th Cir. 2003) (a "short and plain" statement of the claim suffices under Rule 8 if it notifies the defendant of the principal events upon which the claims are based); *Brokaw v. Mercer County*, 235 F.3d 1000, 1024 (7th Cir. 2000) ("notice pleading requires the plaintiff to allege just enough to put the defendant on notice of facts providing a right to recovery").

Plaintiff is **FURTHER ADVISED** that he must state in the complaint specifically how each defendant deprived him of a constitutional right. Merely invoking the name of a potential defendant is not sufficient to state a claim against that individual. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998) ("A plaintiff cannot state a claim against a defendant by including the defendant's name in the caption."). Plaintiff also is reminded that "the doctrine of respondeat superior does not apply to actions brought under 42 U.S.C. § 1983; thus to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001), *quoting Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). The Clerk of Court is **DIRECTED** to forward to Plaintiff, with a copy of this order, copies of the Court's form complaint to assist Plaintiff in preparing his amended complaint.

## APPOINTMENT OF COUNSEL

Plaintiff next seeks appointment of counsel (Doc. 8). Until the Court has completed a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, this request is premature. Therefore, the motion for appointment of counsel is **DENIED without prejudice**. Once the Court has completed that preliminary review, Plaintiff may renew his request at that time.

## TEMPORARY RESTRAINING ORDER

Finally, Plaintiff seeks a temporary restraining order against Defendant Prater (Doc. 11). As grounds for the injunctive relief, Plaintiff states that Defendant Prater, during a shake down of his cell, destroyed some of his personal property and legal papers and later spit in his food.

A temporary restraining order (TRO) is an order that may be issued without notice to the party to be enjoined that may last no more than ten days. A TRO may issue without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result

>to the applicant before the adverse party or that party's attorney can be heard in opposition, and (2) the applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.

FED. R. CIV. P. 65(b).  Without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court is of the opinion that a TRO should not issue in this matter.  Plaintiff's allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable harm *before Defendants can be heard*.

Moreover, federal courts must exercise equitable restraint when asked to take over the administration of a prison, something that is best left to correctional officials and their staff.

**IT IS THEREFORE ORDERED** that the request for issuance of a temporary restraining order (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

DATED: 02/09/07

*s/ G. Patrick Murphy*
G. PATRICK MURPHY
Chief United States District Judge